### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THEODORE WILLIS FLOWERS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  CIV-08-1322-HE |
| ) | |
| **AMERICAN NATIONAL** ) | |
| **INSURANCE COMPANY, et al,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

Plaintiff is a pro se federal prisoner who has paid the full amount of the filing fee in this action[1] claiming breach of contract and bad faith by American National Insurance Company and Robert L. Johnson, a company agent.  United States District Judge Joe Heaton referred the matter to the undersigned for preliminary review pursuant to 28 U.S.C. §636(b)(1)(B) and (C).

The issue before the court is Plaintiff's failure to obtain service on either Defendant in this case which was filed on December 4, 2008.  The record reflects that on March 25, 2009, Plaintiff filed[2] his "Pro Se Litigant's Request for Issuance of Summons" requesting that summons be issued for Defendant American National Insurance Company and

---

[1] While Plaintiff utilized a form "Civil Rights Complaint Pursuant to 42 U.S.C. §1983," his claim is for breach of contract and bad faith against an insurance company and agent and does not allege the violation of any of his civil rights.

[2] The undersigned had previously directed the Clerk of this Court to mail Plaintiff any form required for issuance of summons; Plaintiff was instructed that he must complete the service papers and return them to the Clerk for issuance [Doc. No. 12].

Defendant Johnson and showing the address for service in Midwest City, Oklahoma [Doc. No. 13]. This same docket entry shows that summons were issued as to the two Defendants and returned to Plaintiff for service on that same date. *Id.*

On July 20, 2009, the undersigned advised Plaintiff that the 120-day period provided by Fed. R. Civ. P 4(m) had expired and that he had failed to file the requisite proof of service [Doc. No. 14]. Plaintiff was given until August 10, 2009, within which to file proof of service or show cause why service had not been timely made. *Id.* Plaintiff was advised that the undersigned would recommend that the complaint against the Defendants be dismissed without prejudice should he fail to make a showing of service or good cause. *Id.*

In response, Plaintiff filed a "Certificate of Service" bearing the above-captioned case number along with Plaintiff's name, address, and date of mailing, absent the month [Doc. No. 15]. The certificate, however, did not indicate what was mailed or to whom. *Id.* Attached to the certificate was a copy of Plaintiff's complaint along with a copy of the undersigned's order requiring that Plaintiff file proof of service or show good cause why service had not been made in a timely manner [Doc. No. 14]. Plaintiff was advised [Doc. No. 16] that this "certificate" did not satisfy the court's order. It did not establish that service was properly, effectively and timely made upon the two Defendants listed in Plaintiff's "Pro Se Litigant's Request for Issuance of Summons" filed herein on March 25, 2009, and neither did it show cause why such service has not been made. Nonetheless, the undersigned gave Plaintiff a permissive extension of time – until September 4, 2009 – in order to make the required showing. *Id.*

In his response to that order, Plaintiff filed a document titled "Proof of Service" in which he stated that he had served a copy of a "Pro Se Litigant's Request for Issuance of Summons" on both parties by mailing such document to Kim Holland, the Oklahoma Insurance Commissioner [Doc. No. 17].  The undersigned advised [Doc. No. 18] Plaintiff that this "Proof of Service" did not satisfy the court's order.  It did not establish that service had been validly effected upon the two Defendants listed in Plaintiff's "Pro Se Litigant's Request for Issuance of Summons" filed herein on March 25, 2009, and neither did it show cause why such service had not been made.  Plaintiff was specifically advised that as one example of deficiency, service of a request for issuance of summons plainly does not establish the requisite service of summons and complaint. *Id.* at 2.  Again, however, because Plaintiff had demonstrated that he had made another attempt at service, he was given an additional extension of time – until September 25, 2009 –  within which to file proof of service or to show good cause why service has not been timely made.  Plaintiff was notified that if he failed to make a proper showing of actual service or of the requisite good cause, the undersigned would recommend that the complaint against these Defendants be dismissed without prejudice.  *Id.*

In response [Doc. Nos. 19 and 20], and despite the fact that the undersigned had advised him that service of a request for issuance of summons does not establish that a summons and his complaint have been served [Doc. No. 18], Plaintiff again filed a copy of this same document [Doc. Nos. 19 and 20].  Plaintiff also attached a copy of the same August

15, 2009, letter to the court that he filed in response the undersigned's previous order to show cause [Doc. Nos. 17 and 19, Attachment 1].

The only new documents filed by Plaintiff in his most recent response are, first, a letter from the Oklahoma Insurance Department reflecting that Plaintiff apparently forwarded an unidentified document to the agency in an attempt to obtain service on the named Defendants [Doc. No. 19, Attachment 2]. The letter, dated August 31, 2009, advises Plaintiff that he must send $20.00 and three copies of all documents to be served before service could be made on his behalf. *Id.* Nonetheless, Plaintiff makes no showing to the court that he has complied with the terms of the letter. The second document attached by Plaintiff is a copy of a summons. *Id.* at Attachment 4. If Plaintiff attached this summons in support of proof of service, it does not satisfy the undersigned's order. The summons is defective for several reasons. First, it has not been signed by the Clerk of the Court. Second, it purports to name the Insurance Commissioner as a defendant rather than naming a defendant at the address of the Insurance Commissioner.

Plaintiff has been made aware that he is required to serve the named Defendants with a summons and a copy of his complaint. Fed. R. Civ. P. 4(c)(1). The court must on its own motion dismiss the action without prejudice against an unserved defendant if such service is not made within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Plaintiff's response to the first of three orders directing that he file proof of service does not show that service was even attempted within the initial 120-day period [Doc. No. 15]. His "proof of service" in response to the second order demonstrates that he mailed a copy of the

4

"Pro Se Litigant's Request for Issuance of Summons" to the Insurance Commissioner [Doc. No. 17, p.1].[3] Citing Fed. R. Civ. P. 4(c), the undersigned specifically found that "service of a request for issuance of summons plainly does not establish the requisite service of summons and complaint." [Doc. No. 18, p. 2]. Nonetheless, because Plaintiff was attempting to effect service, the undersigned gave him another permissive extension. *Id.* In response to this last order, however, Plaintiff again maintained as proof of service that he had served the same "Pro Se Litigant's Request for Issuance of Summons" that the undersigned had already found did not constitute proof of service [Doc. Nos. 19 and 20].

Plaintiff has failed to establish that he has effected service in this case. In addition, he has not advanced *any* argument that there is good cause for his failure to have timely effected service and, accordingly, another extension of time is not mandated. *See* Fed. R. Civ. P. 4(m); *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995).

Nonetheless, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* In determining whether another permissive extension is warranted, the undersigned has considered whether the statute of limitations would bar a refiled action if Plaintiff's claims are dismissed without prejudice to refiling. *See id.* at 842. Plaintiff's complaint alleges that Defendant insurance company breached its contract by rejecting

---

[3]It further appears that Plaintiff unsuccessfully attempted service upon American National Insurance Company by certified mail on or about August 5, 2009 [Doc. No. 17, pp. 2- 3].

5

payments made by Plaintiff's sister in 2005 [Doc. No. 1, sequential pp. 3 - 4]. Thus, Oklahoma's five-year statute of limitations on contract actions has not yet expired. *See* Okla. Stat. tit. 12, §95(1). As to Plaintiff's bad faith claims, a two-year statute of limitations applies. *See Lewis v. Farmers Ins.,* 1983 OK 100, 681 P.2d 67, 70. According to Plaintiff's allegations, bad faith by the Defendant company and the Defendant agent occurred no later than April and July, 2005, respectively [Doc. No. 1, sequential pp. 4 - 5, Counts II and III]. Thus, it appears that Plaintiff's bad faith claims were no longer viable at the time he filed this action on December 4, 2008. The limitations period in this case does not dictate that the court should exercise its discretion to grant another permissive extension. *Espinoza*, 52 F.3d at 842.

The undersigned has also considered the complexity of service and found that it is not a factor in this case. *See id.* Although appearing pro se, Plaintiff is required to follow the same rules of procedure governing other litigants. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992). It is Plaintiff's responsibility to properly effect service, and the court is limited in the direction it can provide. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). The undersigned is unaware of anything more that can be done by the court in order that Plaintiff can meet his service responsibility. Accordingly, the undersigned finds that Plaintiff should not be given a another permissive extension of time in order to serve Defendants and that dismissal of Plaintiff's complaint against the Defendants without prejudice to refiling is warranted.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's complaint be dismissed without prejudice against Defendants.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 19th day of October, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 29th day of September, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE